I plead to the court Stephen Dudd for appellate Mr. Jehoni Williams. This case has kind of taken a long and twisted road but we're we're finally here today. What began in the district court with a guilty plea after that there was a before that there was a there was a guilty plea and after that there was a sentencing and there was a change of lawyers as a record on appeal will show Mr. Williams wanted another lawyer court granted him another one after his lawyer filed a motion he had a lawyer at his sentencing hearing and you read the record the quick sentencing hearing that the lawyer expressed that he had adequate time to go over some things with his with his client he was satisfied he did and you know Mr. Williams was eventually sentenced to 188 months the top of the guideline range his lawyer did not object at the end as you can see in the record I initially filed an Andrews brief and I was kicked back so the list of people who missed an issue is very long in this case the government Mr. Williams counsel me at first but now we're here today on what is a breach of a plea agreement case yes yes your honor there's not beyond realm possibility that we may have missed it as well if having three people looking at it so anyway maybe so but here we are today let me tell you let me ask you what has the government agreed to and insofar as what we have before us well we have before us your honor is an agreement that there had there is breach as I understand the government's brief that even under the plain error rubric that applies to this case when there is not an objection both the government I agree that there was error and there has been a breach what we disagree on is the remedy at this point and that's what so insofar as a four-factor plain error test error that's plain affects substantial rights fourth factor governments agreed to all of that yes you understand all right so what we what we disagree on is the remedy as you can read from the government's brief they would like to enforce specifically perform what they originally agreed to in paragraph seven seven of the plea agreement which is make a non-binding recommendation that mr. Williams be sentenced to the low end of the guidelines which was not done in sentencing what we have asked for is rescission and so there's the distinction and that's where we're at today the case law that you have that yes you have a choice well your honor I cited us versus Gonzales has cited my brief of the rule that you know does have a choice does have a choice if they have breaches found and they can either a specific performance requiring the sentence be vacated a different judge sentence a defendant or withdraw the guilty plea that was my u.s. vs. Gonzales case additionally the government sites the castaneda case and it's an analysis of breach of a non-prosecution agreement a little bit of a different situation but they they get to where they need to go doing analysis of materiality and seeing if rescission is appropriate in that context you're correct that several of our cases do not discuss materiality but isn't that almost a necessary premise for the remedy that you want that if it's an immaterial breach had no impact on the defendant should that be should that allow does our case all require us to allow the withdrawal of a guilty plea and the starting over not necessarily but I believe in this case possibly it does well let me rephrase that well it always but if we apply materiality is this breach material I believe it is I believe the breaches material because of this we'd only we don't only look at breach in terms of general contract principles which is what is applied to most of these cases we look at breach in terms of general contract principles with kind of a heightened look at it because the constitutional principles involved and I think that's that's really the difference here to me any breach that you bargain for and was mr. Williams understanding that he would get what would be material in this context if you promises the government made bring other charges and then this one they didn't live up to of recommending the low end yes and so my argument was considering the materiality factors what was that number one one of the factors brought up by the government was whether the non-breaching party is innocent and I would refer to the case to the Santabello case I understand the case is a little different because in that case error was preserved it is different but in the Santabello case they do talk about how really intent if you will or whether or not the party's meant to do what they did really really doesn't have any effect on the analysis then the the government goes on to talk about if a party's not performance does not worth the purpose of the bargain I could see that both ways but my problem with that when I looked at me that part of the analysis is I just kept thinking it seems to water down really what's going on here the the heightened scrutiny we need to look at I mean I can't think of most of these cases are going to come to y'all where the government has done something I would think and I would think it would probably be pretty easy and little tilted toward the government to say we can we can get through that who pretty easy by showing at least we've done a few things and the same for the the the other factor wholly if the party's not performance is wholly dwarfed by the party's performance I think in both of those a lot of times your honor I mean we will be here when the government has done one thing but not another and most oftentimes that one thing is a larger part of the agreement it seems like that's easy to coast through and it seems like these material at materiality of factors in a way just kind of water down the constitutional issues that are also at play here that I think Courtney's courts need to look at when it comes to breach of plea agreements I understand that we some materiality just another way to look at whether it was harmless or not that's that's yes your honor I do agree with that I think that's a good way to look at it and you know one one thing I was when I evaluated this and I looked at the plain error rubric that I we're gonna have to go through and I briefed and that the government I agree on is I even saw materiality if you could make it through the pucket analysis it seemed to me like you would you could make it through the as well I kind of thought they were one of the same and giving a defendant an option of rescission or specific performance I believe really affects your ways affects your way to the the policy of fairness that needs to flow through and really is the grovelment of this type of case so more I guess kind of a procedural question if we were to agree with your position that this was a material breach and it's defendants option whether to rescind the plea agreement or get specific performance and re-sentencing before a different judge as a practical matter at what point does that choice get made do we at at this point say you've asked that your plea be set aside and the conviction vacated so let it be done or does this go back to the district court the in the first instance I would think it would be done here your honor and then it would go back down to the district court that would be my why do you think that well because at least with one of the options there would need to be a district a new sentencing judge in one case if it was specific performance so that's what I'm placing that guess on but so your clients already decided he doesn't want the plea because I mean it seems to me that if you succeed on this appeal and we say yes there is a the option of withdrawing the plea depending on the trial goes I mean there's a good chance he ends up after all this with a longer sentence but he's already made that decision at this stage in the proceedings that is correct let me the you said the government conceded plein air and that's how I read their brief as well but our case law says we're not bound by that and so on affecting substantial rights where you bear the burden of showing prejudice what's your best case to show that the government's I mean he gets the high end and the government should have recommended the low end you have any cases in that scenario I don't want right now your honor I would if you don't have an answer now and if you come up with an answer later on rebuttal you can get bring that to us that's all right just proceed thank you your honor your honors I would just I think about that's about all I have but it just again it seems to me the materiality analysis that we were going through seems to retreat from the principle the government must honor its agreements and that's the the concern I had I know rescission should be tough and it is tough in the commercial contract context but again with the constitutional concerns at play here you know if if one can make it through the the pucket rubric the plein air analysis seems to me that they the breach would be material and you know as a Santa Bella case and the concurrence talked about the defendants preference should at least be considered considered because it was his rights that were were essentially violated in the first place so that's all I have at this time all right counsel you again mr. Hendricks may please the court Wes Hendricks on behalf of the United States the government recognizes that it failed to fulfill its promise to recommend a low to make good on that promise by agreeing to a remand for resentencing the government however cannot agree to the relief requested by Williams which would send the parties back to square one in this case because it is more than mr. Williams bargained for he bargained for let me ask you the question judge Costa asked opposing counsel what is the explanation in your mind for why we should hold that his substantial rights were affected the guideline range was correct there was there's no error in that upper versus lower end of the range as a matter of law that's an effect on substantial rights no not as a matter of law your honor the government has conceded that the third prong is satisfied here for two primary reasons first the case law under similar circumstances indicate that this court has remanded finding plain error for resentencing those cases are below in Torres which is an unpublished opinion but nonetheless is similar to this case Munoz is another case that is a published case under similar circumstances where the court has found plain error and remanded for resentencing that's the matter of laws that would a matter on what the difference between the top of the range in the lower end of the range is or why would it why you conceding in here but saying it's not as a matter of law always going to be an effect on substantial right pocket the Supreme Court and pocket answers that question there may be countervailing circumstances at time where it's plain error the government breached it's clear and obvious error but some other countervailing circumstances present such as all right the government agreed to recommend the low incentives it didn't do that but the person got a low incentives anyway that's obviously not what we have here or circumstances in pocket where the government agreed that acceptance responsibility should be given to this defendant and then there was an extreme delay between rearrangement and sentencing and during that time the defendant reengaged in criminal conduct at that point the government said we can't allow it and the probation officer also in PSR said acceptance would be inappropriate here and the district court judge at sentencing said it's almost never ever ever done that we give acceptance when a defendant reengaged in criminal activity the Supreme Court and pocket there said we know that this acceptance should not be given here and some substantial rights are not affected those countervailing circumstances none of them exist here unfortunately going back to the cases you said and you said they're similar and I think that you can certainly draw some principles from them but there's really I haven't seen anything right on point Belorin Torres was a case where the government failed to follow through on its promise to recommend a lower guideline range a downward departure so there if the government had lived up to its promise that the guideline range probably would have been different and I think we know as Justice Kennedy emphasized last week about eighty percent of judges are still sentencing within the guidelines so that seems to me an easier case where the government fails to follow through on a promise to recommend a lower guideline range versus what we have here was which is just a recommendation about where to be within an otherwise proper guidelines so given that distinction why do you still think the defendants met his burden of showing that the judge likely basically the like the judge likely would have gone with what the government said here to two answers first my recollection of Belorin Torres and yours is most likely better than mine is the government agreed to do two things in Belorin Torres one file some form of a 5k that would recommend a reduction of the guideline range but also to recommend a low incentives within that range and it broke both of those promises so the second part is very similar to what we have here more broadly the government for the reasons stated in Santa Bella it's very important that we be seen as an honest broker and that we live up to our promises and that we preserve the plea bargaining process because it is critical all that said you are absolutely right you are not bound to our concession we feel like we've now lived up to our obligation and it is certainly within your discretion to hold that third prong under these circumstances simply isn't satisfied and firm and the government can absolutely accept that we felt like we could not in good faith go forward with a highly technical to keep by half argument why we still win on the standard of review when we clearly did reach a plea agreement even though it's a isolated provision make a non-binding sentence and recommendation you're not bound by that concession and of course you are well within your rights to affirm let me ask you about cast a native that's not mentioned in a lot of our case law have we ignored it have we created a rule in this circuit that whatever you make of whether it's the defendants option or not to choose between rescission or getting the benefit of his deal those cases don't usually mention cast a native so what do you make how do you reconcile the different cases let me take the second part first and that is whether it's the defendants right to just choose the government disagrees with that and the credit wanted I didn't want to take you there yet okay that's fine let me let me go to the first response I'm sorry do I think is materiality part of our analysis and if so why is it often not part of our analysis often I think the case is the parties agree that the remedy should be resentencing because oftentimes the plea agreements because they've limited their criminal culpability they like their agreement and they just want to be resentenced they just want another shot at sentencing so she oftentimes in the case is just not an issue of do we allow this person to completely rescind the plea agreement or withdraw the plea agreement so the court doesn't have to grab getting back sort of there are questions about whether we accept concessions from the government on the plane era it seems to me you're saying those cases allow the parties to decide what they wanted to do without really deciding whether this violation breach of the plea agreement was material or not I mean it seems to me that it's either always an issue or it's not regardless of what the parties have agreed to on planar of you the question would come down to is there a reasonable likelihood that there would be a lesser sentence and under cases like the Lauren Torres and Munoz this court has held that when there is not have gone lower than the third prong is satisfied and it goes back I think implicit within that is a finding that the breach is material it's it's an agreement from the government it's one of three agreements that were made in the plea agreement and when the government stands up and recommends to a district court judge that it should be a low in sentence there's you know I think with with most courts that carries at least some weight it's considered it might be disregarded but it's considered and for that reason it's material in the should the defendant have some right to seek relief or not but cast a native presents a different question cast a native presents the question of okay there is a breach there should be a remedy for that breach but what should the remedy be and there that is should we allow a defendant to withdraw and rescind a plea agreement that question just is not litigated often judge Southwick and maybe that's why castrated does not show up a lot because people don't want out of their plea agreements but that's my speculation you are correct it's not in the case law I do think it's instructive in cases like you think it's what I do think it's instructive in cases like this and it provides a thorough analysis of okay one of the parties won out in a criminal case of an agreement and cast a native was a non-prosecution agreement here it's a plea agreement there's three steps that the court went through in Castaneda that I think are instructive here and could help guide this court's analysis first was the non-performance innocent was an inadvertent and there's no dispute that here was we had a new prosecutor at sentencing new defense lawyer at sentencing and a PSR that failed to to call out this fairly atypical provision in the northern district of Texas and everyone just missed it he asked judge Costa and probably owes it in with both no is the plea agreement itself not a document readily available I mean it has these terms in it that new prosecutor and new defense account so would have looked at why would it not have been seen I I mean is it sort of a secret document that is that's not in the file absolutely not it is not a secret it's publicly available I can give you an explanation and not an excuse and the explanation comes in justice burgers opinion majority opinion in Santabella and it's turnover in processing there was a state prosecutor's office but turnover in the caseloads people moving too fast probably on all fronts defense counsel prosecution in the government this a USA added to the list you and defense counsel gave his probation missed it because normally I think the pre-sentence report would include that term in the sentencing report which is really what the judges focused on and it wasn't I don't believe included that's correct yeah and there are cases I mean going back to the third prong question just Southwick there are cases where the government fails to make this type of third the third prong is not satisfied the court adopted the PSR it was in the PSR the court considered it and imposed the sentence the court wanted to impose that's not the case here because this wasn't a cooperation I mean some plea agreements are sealed if they're cooperation agreements and so then maybe someone's not able to get it all correct but I don't think this one was the plea agreement was not in the northern district of Texas every in every case we file a sealed plea agreement supplement that might mention cooperation there that's where our sealed portion comes and we did file a plea agreement supplement in this case we stood by that promise but this promise was in a publicly available plea agreement and again it's an explanation it's not excuse she was covering for someone who is no longer in the office she picked up the plea agreement went to the sentencing hearing picked up her file and it's not usually in our plea that's not something that's standard for us it's not in the record as to how it was bargained for and got into that plea agreement but it was and we were ready to stand by it but we're ready to do so through a sentencing not rescission I've seen it happen even with the same prosecutor who made the plea agreement going to sentencing so unfortunately it's it's all too common an occurrence let me ask you assuming there is a materiality standard explain to me why you don't think this promise of the low end was material and as I say there's only two promises one is this one that the government didn't follow through on to recommend the low end the other is to dismiss counts which basically meant that he wasn't going to be convicted of the higher the count with the much higher statutory maximum and you argue that's the more important part of it I mean they can both obviously be material but I'm not even sure that this isn't the most important part because sure in the abstract he got out of a 40-year maximum and in the abstract oh my gosh that's that seems huge but again in the reality of sentencing it's almost all guideline driven and his guidelines weren't gonna sniff 40 years so I mean the way I look at it the statutory maximum didn't really matter all that much what really mattered is is what sentence he was going to get within the guidelines and the the recommendation here would have shaved three years off the what he ended up getting so so why wasn't this actually the most important benefit he bargained for a couple answers first like any plea agreement the central purpose in our view of the plea agreement is for the parties to reach finality and for the defendant to limit his criminal culpability as noted in the in the PSR on page 122 of the record not only did he get rid of the mandatory minimum five years by putting guilty to count two and not one he decreased his statutory maximum by half he also limited his guideline range his guideline range would have been 188 to 235 almost to 20 years with a judge who is known to you know possibly up really varied or depart and instead he limited his guideline range to 155 to 188 a Delta of almost four years in our view that is the central purpose of any plea agreement it's just to limit that liability now I don't stand before you saying that it is wholly immaterial that he doesn't deserve a remedy he does we do believe it's material in that regard but under the Castaneda rubric because it was innocent because the central purpose of the bargain really wasn't this one isolated non-binding agreement and third that breaches and wholly dwarfed by our otherwise performance of the agreement for that reason we don't think I just I don't see any equitable or logical reason to send these parties back to square one when it's an isolated breach that's easily limited by a resentencing yes let me ask is may go back to the one of the questions judge Costa was asking about materiality but is there any indication that had the recommendation been made that the judge would not have followed it there's nothing in the record either way the court said he imposes the sentence because it affords deterrence and protection of the public it was a very routine short sentencing both parties adopted the PSR neither side made any argument the defense lawyer noted the work he'd done in the case but didn't argue one way or the other the government moved to dismiss counts 1 3 & 4 didn't make an argument otherwise and the court did what it believed to do I can tell you just anecdotally that's not in the record I believe the court would would still have imposed a hide sentence but I cannot give you anything in the record for you to to rest that upon and because of that I don't see how I can argue under this court's case law that the third prong is not satisfied why don't you get to what I cut you off getting to before which is whether it is in fact the defendants option we have the Gonzales case there's another case law that may even be somewhat clear are you are you how do you interpret Gonzales and cases like that Gonzales if you read the language carefully it says that the defendant when there's a breach the defendant may seek not elect if it may seek one of two options withdrawal or specific performance the reason the government believes that it is for the court to decide not the defendant goes all the way back to Supreme Court case from 1971 they are very similar circumstances it's a state state prosecutor but there was a bargain that the government would make no sentencing recommendation whatsoever new prosecutor at sentencing asks for the statutory maximum and the court imposes a statutory maximum there the defendant was an even better position because the error was preserved objection your honor there was no bar we bargained against that and the judge said doesn't matter I'd still give him the statutory maximum I don't care what the government has to say about this winds its way to the Supreme Court and the defendant is still arguing for an automatic withdrawal of the plea agreement the majority of the Supreme Court in Santabello held no there is no automatic rescission or withdrawal of a plea agreement under those circumstances instead it is for the court to decide based on a case-by-case basis and the particular circumstances and the minorities view the three justice minority did not prevail and they would have held that under those circumstances there can be an automatic right to rescind that is the guiding principle and this court parroted that in the Goldfaden case in 1992 again breach of a plea agreement there needs to be some remedy and the court did not automatically withdraw the plea agreement or allow the defendant to do whatever he elected the court remanded for the court to decide well what we of course are facing is under our rule of orderliness if in fact some panels which is not common perhaps have gone further than the Supreme Court might require we need to continue to apply that law there are other cases in which we've made somewhat different articulations that may be a little stronger for the defendants than Gonzales itself does you're correct so we're bound by that if we indeed interpret them to say it is in fact the defendant's choice are we not well you would be bound if they were the first panel to reach that but the rule of order orderliness as I understand it also provides if there are two conflicting panels the earlier panel is the one that's going to prevail on the issue and I think Santabella really is that case but Santabella was parroted in 1992 by Goldfaden Goldfaden precedes based on my research precedes the other opinions that you might be referencing and in full candor I agree there are cases where the language is stronger it's not Gonzales in preparing for this argument and doing further research and making sure there were no new cases I did come across cases like Palomo I believe it is in the end this is not in the brief so if you do not want me to discuss it you found other cases say the word and I know you would Palomo Salinas and most recently a case Chavful C-H-A-V-F-U-L if you trace the cases that those opinions are relying upon they stem back to language where it says a defendant may seek one or the other and I think that might have been read as an assumption of if he can seek it he can elect it I view those two things is very different seeking is you have one of two options you can ask a court for electing is it your right and Santabella answers that question and answers it in a resounding fashion it is the court's decision not the defendants all right and the facts here in the government's view indicates that the proper the equitable the right thing to do under cases like Castaneda is to remand for resentencing and Judge Osgurton to go to your question of should this panel do it or should you remand that of course is your option cases like Santabella and Goldfaden have remanded for the district court to decide I think the issue is right for this court to decide I would tell the district court the same thing I'm telling you now which is the particular facts and circumstances here should result in a resentencing how much in Santabella I know it's been relied upon in federal cases but it's a state case there had to be some you know vague due process concern that led to the Supreme Court in saying there was a problem with the failure to follow through on the plea agreement and then as I read it it's sort of the deferences to the state courts let the state courts figure out how to fix this which I think might stem in part from a federal court's reluctance to tell a state court how to remedy a problem here we're dealing with a federal case it's it's not even a really poses a constitutional issue it's just a breach of contract so I'm just I mean how do you grapple with that even though I know Santabella has been relied on in federal prosecutions it's a great it's an excellent point and just to be clear this panel absolutely can order if it chooses to order resentencing hopefully it's within its authority to do so and if it chooses to withdraw the plea agreement and send the parties back to case to square one it's within your authority to do that and for that I would point you to belong tourism unions where this court did not remand for the federal district court to decide but instead just ordered resentencing it said in the exercise of our discretion we think resentencing is the right way to go I mean it wasn't really in dispute don't I don't want to overstate those and unless there are further questions we would ask the court to vacate the judgment and remand for recentism all right thank you thank you counsel on that last point that you both were we to decide and the three of us haven't talked about it but were we to decide in fact to order something here do we have what you would consider to be a binding position by your client on what he prefers or would that be something you'd want to supplement I mean one reason to send this back is so that your client could stand in front of the district judge or however it would be done and make it a timely decision on which way to go are you ready to speak for your client now as to which one of these options he definitely am and I have been in in in my at the same at the same time in the exercise of caution if the court would let me allow me to supplement I I think that might be a good choice maybe other ways to proceed I wanted to see what you thought on that go ahead I wanted to add a quick case on the the Gonzales issue as far as choice there's a case sailing I'm sure you've seen it it also comes from the Santabello line it holds a defendant who alleges a plea agreement that is has the has the option of seeking one of two remedies also I want to point out your honor's asked a similar case question a moment ago and I failed to answer it there is a case out there I think it's you know I I don't like to draw it you know it is what it is it's similar it's the Pizzolatto case you may have seen that one I did cite it for a different proposition but in that case you know I think that what the government did was there was an issue as far as the applicable sentence sentencing range not necessarily a recommendation but in that case they found no breach and that may go along the lines of what you were you were looking for I would also like to reemphasize really number three in the plain error analysis in that rubric and that you know in the end in this case what mr. Williams sought and what he agreed to and what he thought he was getting was a real-time right then in their recommendation to the district court and I your honor I'd like what you said about you know it's exactly right in the abstract we can look at that one thing yes they you know they traded away a much higher potential sentence but the real effect there was that recommendation could have resulted in some real time that was taken off mr. Williams case and he didn't get that in that respect I believe that it did affect the substantial rights so I'll have you thank you thank you both thank you you always like to see